UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 04-10126 RWZ |
| | ) | |
| VICTOR VARGAS | ) | |

PROPOSED DEFENSE INSTRUCTION– FINGERPRINT EXPERT

1. Expert Testimony Should Be Considered in the Light of all the Evidence

You have heard testimony from a fingerprint witness called by the government. The testimony of a fingerprint witness is a professional opinion which you may consider in evaluating whether the government has proven its case beyond a reasonable doubt. But such testimony should not be considered by you as a conclusive fact, but should be weighed along with all the evidence that you have heard in this case. Testimony from an expert is not conclusive, in itself, on the issue of guilt; instead, guilt must be proven in light of all the evidence. As jurors, you are the ultimate fact finder and may give the fingerprint evidence whatever weight you determine is appropriate.

2. Factors Jurors May Use To Determine The Reliability of Fingerprint Testimony

In weighing the credibility of a fingerprint examiner, you may consider the following factors: a) the education, experience, and training of the examiner; b) the number of similar fingerprint ridge characteristics found among the latents (lifted prints) and the known prints; c) whether there are dissimilar fingerprint ridge characteristics found among the latents and known prints; d) the quality and clarity of the latent print(s) relied on.

Argument:
An expert's opinion is not automatically more important than other physical or testimonial evidence admitted in the case. Due to the likely misconception that fingerprint evidence is infallible, it is important to give jurors some guidance, in the way of an instruction, regarding how to analyze the value of the fingerprint evidence. The instruction encourages jurors to think critically about the quality of the physical evidence as well as the competence of the expert examining it.
See generally United States v. Plaza, 188 F. Supp. 2d 549 (E.D.Pa. 2002), citing Regina v. Buckley, 143 SJ LB 159 (April 30, 1999).