UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 04-10126-RWZ

UNITED STATES OF AMERICA

v.

VICTOR VARGAS

MEMORANDUM OF DECISION

October 24, 2005

ZOBEL, D.J.

  Defendant was charged in a three-count indictment with violating 18 U.S.C. § 1542, 18 U.S.C. § 1028, and 42 U.S.C. § 408, and was convicted on all three counts. At trial, one of the government's witnesses was Thomas Liszkiewicz, an officer with the Department of Homeland Security; he testified as an expert on fingerprints over defendant's objections. Defendant, again, moves for acquittal after a jury verdict and for a new trial, pursuant to Federal Rules of Criminal Procedure 29 and 33, respectively. His motion is grounded solely in a challenge to Liszkiewicz's expert testimony under Federal Rule of Evidence 702. He asserts that Liszkiewicz was not qualified to testify as an expert and that his testimony was not reliable under Rule 702, and that without Liszkiewicz's testimony, the remaining evidence would have been insufficient to support a conviction. Therefore, relief under Federal Rule of Criminal Procedure 29 or 33 is required. For the reasons given below, I conclude that Liszkiewicz's testimony was properly admitted. On that and other grounds, defendant's

motion is denied.

Under Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert testimony, a proposed expert witness must be sufficiently qualified to assist the trier of fact, and his or her expert testimony must be relevant and rest upon a reliable basis. See Fed. R. Evid. 702. Under the Supreme Court's decision in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), "trial courts perform a gatekeeping role in regulating the admission of expert testimony under [Rule 702." United States v. Diaz, 300 F.3d 66, 73 (1st Cir. 2002). The trial court must therefore determine both whether the proposed expert witness is sufficiently qualified and whether his testimony is reliable. In making this determination, the court has considerable discretion, see Mitchell v. United States, 131 F.3d 8, 15 (1st Cir. 1998), and is reviewed for abuse of discretion, see Diaz, 300 F.3d at 74.

First, I reject defendant's suggestion that Liszkiewicz was not qualified to testify on fingerprint evidence. (See Def.'s July 26, 2005 Mot., at 1 (discussing Liszkiewicz's educational background)). Defendant, for example, points out that Liszkiewicz is not a scientist and was trained in a local police department. Under Rule 702, however, an expert may be qualified by "knowledge, skill, experience, training, or education," Fed. R. Evid. 702 (emphasis added), and "[i]n certain fields experience is the predominant, if not sole, basis for a great deal of reliable expert testimony," id. Advisory Committee Note; see also Shane v. Shane, 891 F.2d 976, 981 (1st Cir. 1989). Law enforcement personnel in particular are often deemed experts based upon experience, rather than

2

formal training.  See United States v. Ladd, 885 F.2d 954, 960 (1st Cir. 1989). Liszkiewicz testified that he had worked in the field of fingerprint examination for over twenty years, that he had completed two FBI courses in fingerprint comparison as well as other training courses, that for the past five years he had taken and passed a yearly fingerprint comparison test conducted by an independent organization, that he was a certified fingerprint examiner and police instructor, and that he had been deemed qualified as a fingerprint expert in over 100 previous cases.  (Liszkiewicz Tr., at 5-7). Cf. United States v. Christophe, 833 F.2d 1296, 1300 (9th Cir. 1987) (FBI agent with seven years' experience who received specialized training at the FBI was qualified under Rule 702); United States v. Reaux, No. Crim. A. 01-071, 2001 WL 883221, at *2 (E.D. La. 2001) (FBI fingerprint specialist who had been qualified numerous times in state and federal court deemed qualified).  Given his extensive training, experience, and skill, Liszkiewicz was clearly qualified to testify as an expert on fingerprint comparison.

Defendant's second and primary contention is that Liszkiewicz's opinion testimony was not reliable under Rule 702.  Rule 702 defines three criteria for reliability: (1) the testimony must be "based upon sufficient facts or data," (2) the testimony must be "the product of reliable principles and methods," and (3) the witness must have "applied the principles and methods reliably to the facts of the case."  Fed. R. Evid. 702.  Defendant attacks Liszkiewicz's testimony under all three criteria. Defendant notes that Liszkiewicz (1) performed his fingerprint comparison using a faxed copy of defendant's INS fingerprint, (2) relied on a "tented arch" characteristic

3

that is present in two to three percent of the population, (3) provided no support for his statement that eight points of comparison was the standard measure, (4) recited an eight-point standard, but identified only five points of comparison during his testimony, (5) did not know how frequently certain print characteristics might appear in an average print and was unaware of studies regarding the statistical significance of recurring characteristics, (6) himself admitted that he had "eyeballed" the comparisons, and (7) had no notes showing what points of comparison he had relied upon in reaching his conclusion.

Having reviewed the transcript of Liszkiewicz's testimony, I adhere to the ruling at trial and find that his opinion was properly admitted. Defendant's arguments tend to impugn either the factual underpinnings of Liszkiewicz's opinion (i.e., Liszkiewicz's use of a faxed copy of a fingerprint, his reliance on the "tented arch" characteristic), or his skill and knowledge (i.e., Liszkiewicz's lack of awareness of statistical studies on recurring characteristics, his failure to keep notes of his fingerprint analysis, his habit of "eyeballing" rather than measuring fingerprint characteristics). Such attacks go not to the admissibility of the expert's opinion, but rather to the weight and credibility of his testimony, which are for the jury's assessment. See Ferrara & DiMercurio v. St. Paul Mercury Ins. Co., 240 F.3d 1, 9 (1st Cir. 2001) ("When the factual underpinning of an expert opinion is weak, it is a matter affecting the weight and credibility of the testimony—a question to be resolved by the jury." (internal quotation marks and citation omitted)); Katt v. City of New York, 151 F. Supp. 2d 313, 357 (S.D.N.Y. 2001) (challenges to expert's skill and knowledge go to weight and credibility, not

admissibility). Defense counsel vigorously cross-examined Liszkiewicz at trial, and that cross-examination presented to the jury the defense's view of the inconsistencies and weaknesses in Liszkiewicz's testimony. See id. While some of Liszkiewicz's statements were more vague and conclusory than desirable, such qualities go to the weight of his testimony, not its admissibility. See Int'l Adhesive Coating Co., 851 F.2d at 545. On the whole, the data and methodology underlying Liszkiewicz's testimony were within the mainstream of forensic fingerprint technology. Accordingly, Liszkiewicz's testimony was properly admitted under Rule 702.

Defendant premised his motion for acquittal under Rule 29 on its assertion of improperly admitted evidence under Rule 702, which, as noted above, I reject. In addition, the First Circuit has made clear that a Rule 29 motion is evaluated not by looking at what evidence would have been properly admissible, but rather by looking at what evidence actually was admitted. See Diaz, 300 F.3d at 77 (Rule 29 motions are decided by looking at "all the evidence submitted to the jury, regardless of whether it was properly admitted (internal quotation marks omitted; emphasis added)). Thus, even if Liszkiewicz's testimony had not been properly admitted, that determination would not influence the Rule 29 inquiry. As defendant has failed to raise any challenge to the sufficiency of the evidence, other than his challenge to Liszkiewicz's testimony, the court need not engage in a Rule 29 inquiry. Id. at 77-78. The motion for acquittal is therefore denied.

As for defendant's motion for a new trial, such motions are "rarely" granted, and new trials are "warranted only where there would be a miscarriage of justice or where

the evidence preponderates heavily against the verdict." <u>United States v. Andrade</u>, 94 F.3d 9, 14 (1st Cir. 1996) (internal quotation marks omitted).  For the reasons stated above, Liszkiewicz's testimony was properly admitted into evidence.  Any weaknesses in that testimony were fully aired through defense counsel's cross-examination.  In light of that testimony and in light of the other evidence presented to the jury, the court does not find that the verdict was heavily against the weight of the evidence.  Because this verdict does not reflect a manifest miscarriage of justice, defendant's Fed. R. Crim. P. 33 motion for a new trial is denied.

    Accordingly, defendant's motion for judgment of acquittal after trial and for a new trial (#28 on the docket) is denied.

|  |  |
|---|---|
| _____<br>DATE | /s/ Rya W. Zobel_____<br>RYA W. ZOBEL<br>UNITED STATES DISTRICT JUDGE |